UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAGDALENO HURTADO
GUILLERMO,

              Petitioner,

    v.

WARDEN/FACILITY
ADMINISTRATOR et al.,

              Respondents.

CASE NO. 2:26-cv-01102-LK

ORDER DISMISSING CASE

This matter comes before the Court on Petitioner Magdaleno Hurtado Guillermo's amended petition for a writ of habeas corpus, Dkt. No. 3, and Respondents' Notice of Petitioner's Voluntary Departure from the United States, Dkt. No. 8. Hurtado Guillermo's petition "challeng[ed] only the legality and constitutionality of his continued civil immigration detention" and requested his "immediate release from custody[.]" Dkt. No. 3 at 1–2. Since then, Respondents have notified the Court that Hurtado Guillermo is "no longer in immigration custody" because of his voluntary departure from the United States on April 3, 2026. Dkt. No. 10 at 1.

ORDER DISMISSING CASE - 1

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Hurtado Guillermo has voluntarily departed the United States, Dkt. No. 8, his request for release no longer presents a "live controversy[.]" *Abdala*, 488 F.3d at 1065. And his remaining requests for relief, if successful, would not redress any "collateral consequences" of his purportedly unlawful detention because "[t]hese forms of relief relate solely to Petitioner's detention, not the order of removal," *Zhon Wei Zhai v. Janecka*, No. 5:26-cv-00649-SPG-RAO, 2026 LX 38318, at *8 (C.D. Cal. Feb. 19, 2026). For those reasons, the Court dismisses Hurtado Guillermo's amended petition for a writ of habeas corpus, Dkt. No. 3, as moot.

One issue remains: whether Respondents violated the Court's scheduling order, Dkt. No. 5. That order required Respondents to provide Hurtado Guillermo "at least 48 hours' notice . . . prior to any action to move or transfer [him] from the Western District of Washington or to remove [him] from the United States." *Id.* at 2. On April 2, 2026, Hurtado Guillermo was placed on a 12:09 p.m. flight to Florence, Arizona before the Court issued the scheduling order at 2:47 p.m. Dkt. No. 9 at 2; *see also* Dkt. No. 5, Notice of Electronic Filing. Accordingly, his transfer to Arizona did not violate the scheduling order. Nor did his voluntary departure on April 3 in light of the timing of the scheduling order and the fact that Hurtado Guillermo had thirty days' notice of his voluntary departure deadline. Dkt. No. 8-1 at 1–2 (March 3, 2026 order from an immigration judge noting

ORDER DISMISSING CASE - 2

that Hurtado Guillermo, who was represented by counsel, accepted a grant of voluntary departure to Mexico and was informed that he had until April 2, 2026 to depart).[1]

Dated this 28th day of April, 2026.

Lauren King
United States District Judge

---

[1] Respondents explain that "[t]o permit [Hurtado Guillermo] to retain the legal benefits of voluntary departure, ERO extended his period of authorized voluntary departure until departure instead of allowing the Immigration Judge's Order to convert to a removal order." Dkt. No. 9 at 2.

ORDER DISMISSING CASE - 3